*In re* JOHNSON ESTATE

Docket No. 81462. Submitted October 2, 1985, at Lansing. Decided June 2, 1986.

H. Roy Johnson married Esther Pailthorp on October 22, 1955. At the time of the marriage, Esther had a twelve-year-old daughter and a son, Gerald W. Card, who had turned seventeen years of age approximately forty-five days prior to the marriage. Johnson, predeceased by his wife, died on June 26, 1981, leaving a will in which he named his stepdaugther and his stepson as residuary legatees of equal shares of his estate. At the conclusion of the probate proceedings, in Genesee Probate Court, the stepdaugther and stepson each received shares of $51,387. The stepson was assessed an inheritance tax of $6,270.76, not receiving the benefit of an exemption which applies to the transfer of property with a market value of up to $10,000 for a beneficiary who stood in a mutually acknowledged parent-child relationship with the decedent at or before the beneficiary's seventeenth birthday and continued in that relationship until the death of the decedent. The stepdaugther was assessed an inheritance tax of $877.36, since the parent-child relationship between Johnson and herself began before her seventeenth birthday and continued until Johnson's death. Johnson's estate was closed on March 4, 1982. On July 27, 1983, the stepson, Gerald W. Card, sought to reopen his stepfather's estate for a redetermination of the inheritance tax assessed against him arguing that he should have received the benefit of the mutually acknowledged relationship exemption because he had stood in a parent-child relationship with the decedent well before his seventeenth birthday. The court, Thomas L. Gadola, J., agreed and a second final inheritance tax order was entered awarding Card a tax refund of $5,393.40, plus interest. The Department of Treasury appealed, arguing that Card's request for a redeter-

REFERENCES

Am Jur 2d, Inheritance, Estate, and Gift Taxes §§ 26, 155, 156, 407-415.

Refund of state inheritance or estate tax where claims are proven against estate after tax was paid. 63 ALR3d 924.

Deduction of federal gift tax in computing state inheritance tax. 56 ALR3d 1322.

mination was barred by the ninety-day limitation for requests for redeterminations of inheritance taxes. *Held:*

1. The inheritance tax act provides that any request for a rehearing of an assessment of taxes under the act must be brought within ninety days after the final determination of tax by the court. Almost nineteen months elapsed between the original order of inheritance tax and the filing of the petition for redetermination. The probate court did not have the authority to redetermine the inheritance tax more than ninety days after the final tax determination had been entered and the estate closed.

2. The ninety-day rule of the inheritance tax act has not been modified by the subsequent enactment of the Revised Judicature Act, which provides in part that a probate court may, upon petition, grant rehearings and modify and set aside orders, sentences and judgments it has rendered if justice requires.

3. Mr. Card's argument that the probate court could consider his petition to redetermine the tax assessment as a matter of equity pursuant to the Revised Judicature Act is rejected. The provision of the act relied upon by Card provides that, if the probate court has jurisdiction, it may then hear and decide cases and enter orders in the same manner as the circuit courts. The probate court never had jurisdiction to consider the request in this case.

4. The second final inheritance tax order is vacated and the case is remanded for reinstatement of the original inheritance tax order.

Reversed and remanded.

1. TAXATION — INHERITANCE TAX — REDETERMINATION OF TAX.

A request for a redetermination of inheritance tax must be brought within ninety days after the final determination of tax by the probate court (MCL 205.213[5]; MSA 7.574[5]).

2. STATUTES — JUDICIAL CONSTRUCTION.

A fundamental rule of statutory construction requires that where there is an apparent conflict between two statutes the specific statute controls over the general and the specific statute is to be viewed as an exception to the general rule; this rule of statutory interpretation applies even where the general act is enacted subsequent to the specific act since a general act will not normally be construed as an implicit repeal of a formerly enacted, more specific act where to do so would disturb a long-standing practice or system of law.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *E. David Brockman* and *Stanley F. Pruss,* Assistant Attorneys General, for the Department of Treasury.

*John F. Mertz,* for Gerald W. Card.

Before: M. J. KELLY, P.J., and ALLEN and R. M. SHUSTER,* JJ.

M. J. KELLY, P.J. In this case, we are asked to decide whether the probate court has the authority to redetermine an inheritance tax more than ninety days after the final tax determination has been entered and the estate closed. We conclude that it does not and we reverse.

H. Roy Johnson married Esther Pailthorp on October 22, 1955. At the time of the marriage, Esther had a twelve-year-old daugther and a son, petitioner in this action, who had turned seventeen years of age approximately forty-five days prior to the marriage. Johnson, predeceased by his wife, died on June 26, 1981, leaving a will in which he named his stepdaugther and his stepson as residuary legatees of equal shares of his estate. Probate proceedings were commenced on July 14, 1981.

At the conclusion of these proceedings, the decedent's stepdaugther and stepson each received shares of $51,387. Since both beneficiaries received over $100, their inheritances were subject to the provisions of Michigan's inheritance tax act, MCL 205.201 *et seq.;* MSA 7.561 *et seq.,* which, subject to certain exemptions, requires payment of an inheritance tax on the total bequest. MCL 205.201(1)(a); MSA 7.561(1)(a). One exemption allowed under the act is where the beneficiary

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"stood in [a] mutually acknowledged [parent-child] relationship [with the decedent] if the relationship began at or before the child's seventeenth birthday and continued until the death of the decedent . . . ." MCL 205.202(1); MSA 7.562(1). Where this exemption applies, the transfer of property with a market value of up to $10,000 is exempt from inheritance taxation. In this case, the decedent's stepdaugther received the benefit of the exemption and was assessed an inheritance tax of $877.36. Petitioner did not receive the benefit of the exemption, because he was already seventeen when his mother married the decedent. According to the final inheritance tax order entered January 11, 1982, petitioner was assessed an inheritance tax of $6,270.76, which was paid out of his share of the estate on February 19, 1982. The decedent's estate was closed on March 4, 1982.

On July 27, 1983, approximately nineteen months after the final inheritance tax order had been entered, petitioner sought to reopen his stepfather's estate for a redetermination of the inheritance tax assessed against him. Specifically, petitioner argued that he should have received the benefit of the exemption for a "mutually acknowledged" parent-child relationship, as provided in MCL 205.202(1); MSA 7.562(1), because he had stood in a parent-child relationship with the decedent well before his seventeenth birthday.

Following various hearings and an interlocutory appeal to the circuit court, the probate court determined that it was within its authority to consider petitioner's request and that a mutually acknowledged parent-child relationship did exist between petitioner and decedent prior to the petitioner's seventeenth birthday. On October 24, 1984, a second final inheritance tax order was entered awarding petitioner a tax refund of $5,393.40, plus inter-

est. The Michigan Department of Treasury appeals from this order as of right.

The department's position both on appeal and below is that petitioner's request for a redetermination is barred under § 13 of the inheritance tax act, which provides in relevant part:

> The judge of probate upon the written application of any person interested, filed with him within 90 days after the final determination by him of any tax under this act, may grant a rehearing upon the matter of determining such tax. The attorney general may file the written application for rehearing upon the matter of determining such tax any time prior to the allowance of the final account. If the state appeals from the appraisement, assessment or determination of the tax, it shall not be necessary to give any bond. If, on rehearing, the judge shall modify his former determination he shall enter an order redetermining the tax, and make the necessary entries in the book provided for in section 17, and make report thereof to the commissioner of revenue and county treasurer as provided in section 18. [MCL 205.213(5); MSA 7.574(5).]

Since almost nineteen months had elapsed between the final order of inheritance tax and the filing of the petition for redetermination, the department reasons that the probate court lacked the power to act on petitioner's request. The department does not challenge the merits of the probate court's finding of a mutually acknowledged parent-child relationship.

The probate court as well as the circuit court on appeal rejected the department's reasoning and agreed with the petitioner that the ninety-day rule of MCL 205.213(5); MSA 7.574(5) had been modified by § 848 of the Revised Judicature Act, MCL 600.101 *et seq.;* MSA 27A.101 *et seq.,* which provides in relevant part:

Upon petition, where justice requires, and after due notice is given to all parties in interest, the probate court may grant rehearings and modify and set aside orders, sentences, or judgments rendered in the court. [MCL 600.848(1); MSA 27A.848(1).]

The probate court relied upon this statute in asserting its authority to reopen the estate to reconsider the inheritance tax issue. At a subsequent hearing, testimony was introduced from various witnesses and the trial court concluded that there was a mutually acknowledged father-son relationship between the decedent and petitioner prior to the petitioner's seventeenth birthday.

We agree that there is an apparent conflict between MCL 205.213(5); MSA 7.574(5) and MCL 600.848(1); MSA 27A.848(1), inasmuch as both pertain to time limitations upon the authority of the probate court to rehear issues on which it has previously ruled. However, where there is an apparent conflict between two statutes, a fundamental rule of statutory construction requires that the specific statute control over the general and that the specific statute be viewed as an exception to the general rule. See *Findling v T P Operating Co,* 139 Mich App 30, 38; 361 NW2d 376 (1984). This rule of statutory interpretation applies even where the general act is enacted subsequent to the specific act since a general act will not normally be construed as an implicit repeal of a formerly enacted, more specific act where to do so would disturb a long-standing practice or system of law. See *Mayor of Port Huron v City Treasurer of Port Huron,* 328 Mich 99, 111-112; 43 NW2d 77 (1950), and *Attorney General, ex rel Owen v Joyce,* 233 Mich 619; 207 NW 863 (1926).

The ninety-day rule of MCL 205.213(5); MSA 7.574(5) has been in effect since at least 1947 and

is part of a statutory scheme creating not only the inheritance tax but the general sales and use taxes as well. The ninety-day time limitation imposed on the probate court under the inheritance tax act is very narrow and specific in that it applies only to redeterminations of final inheritance tax orders. We do not believe that the Legislature intended to repeal this ninety-day rule by its enactment of the Revised Judicature Act, which only generally provides for the authority and procedures of the probate court. We further note that the probate court has jurisdiction and power conferred upon it not only by the Revised Judicature Act, but by the Revised Probate Code and "any other law or compact." MCL 600.841(e); MSA 27A.841(e). Thus, the Revised Judicature Act is not the sole source of authority for determining the power and jurisdiction of the probate court.

Petitioner argued below that even if the ninety-day rule of MCL 205.213(5); MSA 7.574(5) applied to this case, the probate court was, nevertheless, vested with all of the equitable powers of the circuit court pursuant to MCL 600.847; MSA 27A.847 and could thus consider his petition as a matter of equity. That statute is not, however, a jurisdictional grant, equitable or otherwise. Section 847 merely provides that, if the probate court has jurisdiction, then it may hear and decide cases and enter orders in the same manner as the circuit courts. Since under MCL 205.213(5); MSA 7.574(5) the probate court lacked jurisdiction to consider petitioner's request in the first instance, § 847 does not apply. Moreover, even the circuit court's authority to grant relief from orders and judgments previously entered is limited under MCL 2.612(c).

The second final inheritance tax order of Octo-

ber 24, 1984, is vacated and the case is remanded for reinstatement of the final inheritance tax order of January 11, 1982.

Reversed and remanded.