## D'ALLESSANDRO v ELY

Docket No. 101610. Submitted June 14, 1988, at Grand Rapids. Decided December 20, 1988.

Daniel and Nancy Ely were appointed by the Van Buren County Probate Court as guardians of Nichole and Michael Ely, minor children orphaned after the accidental death of their parents. Included in the probate court order appointing the guardians was a provision granting Domenick and Domenica D'Allessandro, the maternal grandparents of the children, the right to visit their grandchildren. The probate court subsequently issued an order suspending the D'Allessandros' visitation rights and requiring them to undergo counseling before visitation rights could be reinstated. The D'Allessandros then filed an action against Daniel and Nancy Ely in the Cass Circuit Court seeking grandparent visitation rights pursuant to the Child Custody Act. Defendants filed motions alternatively seeking dismissal or a change of venue, contending that jurisdiction properly lay with the Van Buren County Probate Court. A Cass County Friend of the Court referee recommended the dismissal of plaintiffs' complaint, finding that the matter was properly within the jurisdiction of the probate court. Plaintiffs filed a motion in the circuit court seeking de novo review by the circuit court on the jurisdiction issue. Following the de novo hearing, the circuit court, Michael E. Dodge, J., dismissed plaintiffs' complaint, determining that the Van Buren County Probate Court and the Cass Circuit Court had concurrent jurisdiction on the matter of grandparent visitation and that the circuit court's jurisdiction had been preempted by the pending custody dispute in the probate court. Plaintiffs appealed.

The Court of Appeals *held:*

1. A probate court may appoint a guardian for an unmarried minor if the parental rights of custody are terminated or suspended by circumstances or prior court order. A guardian of

REFERENCES

Am Jur 2d, Guardian and Ward §§ 24—26, 65 *et seq.;* Parent and Child § 36.

Grandparent's visitation rights. 90 ALR3d 222.

a minor has the powers and responsibilities of a parent who is not deprived of custody of the parent's minor and unemancipated child. Thus, it is the guardian, not the probate court, who may decide whether to allow visitation of the minor. The probate court does not have jurisdiction to enter an order concerning visitation in guardianship proceedings. The Van Buren County Probate Court's visitation orders must be vacated for lack of jurisdiction.

2. Jurisdiction over actions brought under the grandparent visitation provisions of the Child Custody Act exclusively lies with the circuit court. Under the Child Custody Act, a grandparent may bring an action for visitation rights in the circuit court for the county where the grandchild resides if (1) a custody dispute with respect to the child is pending in circuit court, or (2) the child of the grandparent who is a natural parent of the grandchild is deceased. The circuit court in this case clearly erred in determining that the Van Buren County Probate Court had jurisdiction over the question of grandparent visitation by virtue of the guardianship proceedings pending in that court. Plaintiffs' action for visitation rights pursuant to the Child Custody Act was properly before the circuit court and should not have been dismissed.

3. The question of which court had jurisdiction over plaintiffs' action is a purely legal question which should not have been submitted to a friend of the court referee since it was a matter for the circuit court to decide. However, inasmuch as the question was reviewed de novo by the circuit court, the error was harmless.

Reversed and remanded.

1. INFANTS — CHILD CUSTODY ACT — CIRCUIT COURTS — APPEAL.

All orders and judgments of a circuit court under the Child Custody Act shall be affirmed on appeal unless the trial court made findings of fact against the great weight of the evidence or committed a palpable abuse of discretion or a clear legal error on a major issue (MCL 722.28; MSA 25.312[8]).

2. GUARDIAN AND WARD — INFANTS — VISITATION BY GRANDPARENTS — CHILD CUSTODY ACT.

A guardian appointed by a probate court for an orphaned minor has the powers and responsibilities of a parent not deprived of the custody of his minor child, including the power to decide whether to permit visitation by the minor's grandparents in the absence of a circuit court action by the grandparents for visitation rights pursuant to the grandparent visitation provi-

sions of the Child Custody Act (MCL 700.431[1], 722.27b; MSA 27.5431[1], 25.312[7b]).

3. COURTS — PROBATE COURT — GUARDIANSHIP PROCEEDINGS — CHILD CUSTODY ACT — VISITATION BY GRANDPARENTS.

A probate court, in proceedings related to the appointment of a guardian for an orphaned minor, lacks the authority to order that visitation of the child by the child's grandparents be permitted.

4. INFANTS — CHILD CUSTODY ACT — VISITATION BY GRANDPARENTS.

A grandparent may bring an action for visitation rights over a grandchild in the circuit court for the county where the grandchild resides if (1) a custody dispute with respect to the child is pending in circuit court, or (2) the child of the grandparent who is the natural parent of the grandchild is deceased (MCL 722.27b; MSA 25.312[7b]).

5. COURTS — FRIEND OF THE COURT ACT — REFEREES.

The intent of the Legislature in enacting the Friend of the Court Act was to create an investigative and fact-finding arm of the circuit court in domestic relations matters; a friend of the court referee, therefore, should be limited to those fact-finding investigative functions provided in the act and purely legal questions should be left to the circuit court judges (MCL 552.501 *et seq.*; MSA 25.176[1] *et seq.*).

*Barnard, Smith & Burness* (by *Robert J. Barnard, Jr.*), for plaintiffs.

*Neal, Hanson, Hanson & Hamlin* (by *Ward S. Hamlin, Jr.*), for defendants.

*Harold Schuitmaker,* Guardian ad litem, for Nichole Ely and Michael Ely.

Before: WEAVER, P.J., and DOCTOROFF and M. F. SAPALA,* JJ.

PER CURIAM. Plaintiffs appeal as of right from an order by the Cass Circuit Court dismissing plaintiffs' verified complaint for grandparent visi-

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

tation rights. The circuit court held that the Van Buren County Probate Court and the Cass Circuit Court have concurrent jurisdiction and that the Van Buren County Probate Court had properly preempted the Cass Circuit Court's jurisdiction regarding the issue of grandparent visitation. We hold that the trial court erred in dismissing plaintiffs' complaint. We reverse and remand for a hearing on plaintiffs' complaint for grandparent visitation rights pursuant to MCL 722.27b; MSA 25.312(7b).

In December, 1984, Rebecca Ely and her husband, Robert Ely, were tragically killed in a train-automobile accident. Surviving that accident were the Ely's two minor children, Nichole Ely, born March 25, 1981, and Michael Ely, born January 2, 1983.

Guardianship proceedings were instituted in Van Buren County Probate Court. By court order entered on July 15, 1985, Daniel and Nancy Ely, brother and sister-in-law of the deceased father, were appointed guardians of Nichole and Michael. Also included in that order was the right to visitation with the minor children by the D'Alessandro family, plaintiffs, the maternal grandparents. No objection has been made to the appointment of Daniel and Nancy Ely as guardians of the minor children. On July 16, 1986, the Van Buren County Probate Court entered an order amending the original order and suspending plaintiffs' visitation rights, without a hearing, until plaintiffs attended counseling sessions.

On November 17, 1986, plaintiffs filed a complaint in the Cass Circuit Court under the grandparent visitation statute, MCL 722.27b; MSA 25.312(7b). The children were residents of Cass County at that time.

The guardian ad litem for the minor children,

appointed in the guardianship proceedings, filed a motion to intervene in the circuit court action and a motion for a change of venue or dismissal. Defendants also filed motions alternatively seeking dismissal on the basis of the prior jurisdiction of the Van Buren County Probate Court or a change of venue.

A hearing was held before a Cass County Friend of the Court referee on December 10, 1986. The referee recommended that plaintiffs' complaint be dismissed, finding that the matter was properly within the jurisdiction of the Van Buren County Probate Court which had already entered two orders dealing with visitation between plaintiffs and the minor children.

On December 18, 1986, plaintiffs filed a motion in Cass Circuit Court pursuant to MCL 552.507(5); MSA 25.176(7)(5) for de novo review on the jurisdiction issue.

On February 23, 1987, the de novo hearing on the issue of jurisdiction was held before the Cass Circuit Court. The circuit court entered its opinion on April 2, 1987. The circuit court determined that the Van Buren County Probate Court and the Cass Circuit Court had concurrent jurisdiction on the matter of grandparent visitation. The circuit court found that there was a pending custody dispute in the probate court because it had appointed defendants as guardians and had entered visitation orders. Thus, the Van Buren County Probate Court had properly preempted the Cass Circuit Court's jurisdiction on the question of grandparent visitation. The circuit court stated that the only reason that plaintiffs brought this action in Cass County was because plaintiffs received an unfavorable ruling in the Van Buren County Probate Court.

Parenthetically, it should be added that during

the pendency of this case in the circuit court, proceedings were continuing in the probate court. On February 20, 1987, following a hearing on a petition by the guardian ad litem and a counter-petition by plaintiffs, the Van Buren County Probate Court entered an order which stated that, inter alia, jurisdiction with the Van Buren County Probate Court was proper, the probate court has inherent powers to grant or deny visitation, the previous order fixing visitation with plaintiffs would not be altered unless the conditions set forth therein were satisfied, and parties seeking visitation with the minor children may, upon filing a petition, be heard at any time before that court.

In October, 1987, another hearing was held in the Van Buren County Probate Court. Plaintiffs had attended counseling sessions with the minor children as ordered by the probate court. In November, 1987, the probate court entered an amended order for grandparent visitation, restoring plaintiffs' visitation privileges.

Plaintiffs' direct appeal is from the opinion and order of the circuit court which dismissed plaintiffs' complaint for grandparent visitation rights, holding that the probate court had preempted jurisdiction. All orders and judgments of the circuit court under the Child Custody Act shall be affirmed on appeal unless the trial court made findings of fact against the great weight of the evidence or committed a palpable abuse of discretion or a clear legal error on a major issue. MCL 722.28; MSA 25.312(8).

The circuit court based its dismissal of plaintiffs' complaint on its finding that, according to the facts of the case, the Cass Circuit Court and the Van Buren County Probate Court had concurrent jurisdiction to determine grandparent visitation. The circuit court then held that because the Van

Buren County Probate Court had already asserted its jurisdiction and had entered orders concerning plaintiffs' visitation, it had properly preempted the circuit court's jurisdiction. In essence, the circuit court found that the probate court had jurisdiction to enter orders pertaining to visitation. This was clear legal error.

We hold that the probate court does not have jurisdiction to enter an order concerning visitation in guardianship matters. Although created by the Constitution, the probate court is a court of limited jurisdiction, deriving all of its power from statutes. *Teasel v Dep't of Mental Health,* 419 Mich 390, 417; 355 NW2d 75 (1984); Const 1963, art 6, § 15; MCL 700.1 *et seq.;* MSA 27.5001 *et seq.* Neither the circuit court nor the appellate courts can expand the jurisdiction of the probate court without legislative consent. *In re Kasuba Estate,* 401 Mich 560, 566; 285 NW2d 731 (1977).

The probate court has jurisdiction over guardianship proceedings. MCL 700.401 *et seq.*; MSA 27.5401 *et seq.* Section 424, MCL 700.424; MSA 27.5424, reads in part:

> The court may appoint a guardian for an unmarried minor if the parental rights of custody are terminated or suspended by circumstances or prior court order.

Section 431(1), MCL 700.431(1); MSA 27.5431(1), reads in part:

> A guardian of a minor has the powers and responsibilities of a parent who is not deprived of custody of the parent's minor and unemanicipated child . . . .

Thus the probate court appoints the guardian. The minor child becomes the ward of the guardian.

The guardian, not the probate court, has the parental power which includes decisions over visitation. Therefore, the probate court does not have jurisdiction to enter an order concerning visitation in guardianship matters.[1]

Grandparent visitation rights are expressly created by statute as part of the Child Custody Act, MCL 722.27b; MSA 25.312(7b). The Child Custody Act falls under the jurisdiction of the circuit court. MCL 722.27b(1); MSA 25.312(7b)(1) states:

> Except as provided in this subsection, a grandparent of the child may seek an order for visitation in the manner set forth in this section only if a child custody dispute with respect to that child is pending before the court. If a natural parent of an unmarried child is deceased, a parent of the deceased person may commence an action for visitation. Adoption of the child by a stepparent under chapter X of Act No. 288 of the Public Acts of 1939, being sections 710.21 to 710.70 of the Michigan Compiled Laws, does not terminate the right of a parent of the deceased person to commence an action for visitation.

Subsection (3) of § 7b requires that a grandparent seeking a grandchild visitation order commence an action for grandchild visitation by complaint or complaint and motion for an order to show cause in the circuit court in the county in which the grandchild resides. A hearing shall be held if a party so requests. Plaintiffs correctly

---

[1] It should be noted that in guardianship proceedings in probate court the minor becomes the "ward" of the guardian, while in juvenile proceedings (see MCL 712A.1 et seq.; MSA 27.3178[598.1] et seq., regarding abuse, neglect, or delinquency) in probate court, the minor becomes the "ward" of the probate court. Thus in juvenile proceedings the probate court has the parental power which includes decisions over visitation, while in guardianship proceedings the guardian, not the probate court, has the parental power which includes decisions over visitation.

complied with the provisions of this subsection and have a right to their properly requested hearing.

The circuit court again committed legal error when it based its finding of concurrent jurisdiction, in part, on its determination that there was a "child custody dispute" pending in the Van Buren County Probate Court as contemplated and defined under MCL 722.27b(2)(b); MSA 25.312(7b)(2)(b). The circuit court made this determination by its interpretation of § 7b(2)(b) which states in pertinent part:

> (2) As used in this section, "child custody dispute" includes a proceeding in which any of the following occurs:
>
> \* \* \*
>
> (b) Legal custody of the child is given to a party other than the child's parent . . . .

It is incorrect to rely on a provision in the Child Custody Act which gives the circuit court jurisdiction to resolve grandparent visitation conflicts as a means to find that jurisdiction lies within the probate court.

Analysis of MCL 722.27(b); MSA 25.312(7b) reveals that subsections (1) and (2) must be read together. Subsection (1) creates the grandparent's right to seek an order for visitation. It reads in part:

> [A] grandparent . . . may seek an order for visitation . . . only if a child custody dispute . . . is pending before *the* court. [Emphasis added.]

Important to note is that the words "*the* court" not "*a* court" are used. Since the circuit court is the only court named in the child custody act, "the court" must refer to the circuit court. It cannot

refer to the probate court or to any court other than the circuit court.

Further, subsection (2)(b), like subsection (2)(a), simply defines the term "child custody dispute" used in subsection (1). It does not create further rights or jurisdiction.

Substituting the definition of subsection (2)(b) into subsection (1), subsection (1) would read: "a grandparent of the child may seek an order for visitation . . . only if a proceeding in which legal custody of the child is given to a party other than the child's parent . . . is pending before the [circuit] court."

Thus in this case, although the guardianship proceeding was a proceeding in which legal custody of the child was given to a party other than the child's parent, and was therefore a child custody dispute, it was a proceeding or child custody dispute not in the circuit court but in the Van Buren County Probate Court. Thus it was not a child custody dispute comtemplated or defined by subsections (1) and (2) and could not have created jurisdiction in the circuit court or much less in the Van Buren County Probate Court.

Further, even if there had been a custody dispute as contemplated by § 7b(2)(a) or (b), it would not have determined the course of action for these plaintiffs. Section 7b(1) provides two methods by which a grandparent may obtain court-ordered visitation. Determination of the proper method for requesting visitation depends on whether the natural parent of the minor child is deceased. MCL 722.27b(1); MSA 25.312(7b)(1). The second sentence of § 7b(1) states that, if the natural parent of the child is deceased, the parent of the deceased person can obtain visitation by "commencing an action" whether or not a child custody dispute is pending. *Olepa v Olepa,* 151 Mich App 690; 391

NW2d 446 (1986); *Bert v Bert,* 154 Mich App 208, 212-213; 397 NW2d 270 (1986).

In this case, where both parents of the minor children, one of whom was plaintiffs' daughter, are deceased, all of the jurisdictional facts are present. The applicability of § 7b(1) does not change. Plaintiffs fall under the exception of subsection (1), so that a child custody dispute is not required to be pending before the court. The action is to be commenced by filing a complaint or a complaint and motion for an order to show cause in the circuit court in the county in which the grandchild resides. MCL 722.27b(3); MSA 25.312(7b)(3). Here, plaintiffs correctly complied with the statute in all respects.

To further support its position of concurrent jurisdiction, the circuit court relied, in part, on a footnote in the Michigan Supreme Court's decision in *Ruppel v Lessner,* 421 Mich 559, 565, n 5; 364 NW2d 665 (1984). In *Ruppel,* the parents of the natural mother filed a petition seeking custody of their grandchild, where the minor child was living with her natural mother and adoptive father and there had been no previous custody matter before the circuit court. The *Ruppel* Court held:

> We conclude that where a child is living with its parents, and divorce or separate maintenance proceedings have not been instituted, and there has been no finding of parental unfitness in an appropriate proceeding, the circuit court lacks the authority to enter an order giving custody to a third party over the parents' objection.[5]

---

[5] Of course, if the parents abuse, neglect, or abandon a child, proceedings may be brought under the juvenile code to bring the child within the probate court's jurisdiction, allowing appropriate orders regarding custody. MCL 712A.1 *et seq.*; MSA 27.3178(598.1) *et seq.* While in this case, the grandparents have made claims about the unsuitability of the parents, there has been no finding of unfitness.

The *Ruppel* Court also pointed out that without a custody matter before the circuit court and because the child's mother was still living, the grandparents did not even have a right to maintain a visitation action pursuant to MCL 722.27b; MSA 25.312(7b). The Court therefore concluded that the Legislature could not have intended to grant grandparents a right to seek custody where they had no right to seek visitation. See also *Meachum v Bower,* 156 Mich App 661, 667; 402 NW2d 66 (1986).

The circuit court believed that the cited footnote in *Ruppel* reflected the Supreme Court's approval of a situation where a probate court obtains jurisdiction over a child and then decides issues of visitation and custody. We disagree with this interpretation of *Ruppel.* In fact, we find that the cited footnote in *Ruppel* has no application to the facts of this case. The footnote merely points out that, under the circumstances of that case, third parties have a forum in probate court under the juvenile code to institute proceedings in an attempt to remove a child from its parents. *Hastings v Hastings,* 154 Mich App 96, 99-101; 397 NW2d 232 (1986), lv den 428 Mich 859 (1987). *Ruppel* concerned a grandparent's petition for custody. The instant case is a pure grandparents' visitation rights request. Plaintiffs herein are not attempting to gain custody of the minor children and have made no claims about the unsuitability of the guardians.

Defendants' allegation that plaintiffs were "forum shopping" by filing their complaint in Cass Circuit Court, even if true, is irrevelant. Plaintiffs' claim clearly belongs in the circuit court under MCL 722.27b; MSA 25.312(7b). Plaintiffs' complaint was erroneously dismissed.

Finally, plaintiffs have raised the issue whether

the friend of the court referee should have been allowed, over plaintiffs' objections, to hear and decide the motions for dismissal or change of venue. Plaintiffs argue that these motions required a determination of subject matter jurisdiction, a purely legal question.

The practice of having a referee decide legal questions has been previously addressed by this Court in a case which involved the same trial court. *Marshall v Beal,* 158 Mich App 582, 590-591; 405 NW2d 101 (1986). The intent of the Legislature in enacting the Friend of the Court Act, MCL 552.501 *et seq.*; MSA 25.176(1) *et seq.*, was to create an investigative and fact-finding arm of the circuit court in domestic relations matters. We agree with the *Marshall* Court that the friend of the court should be limited to its fact-finding, investigative functions and that purely legal questions should be left to the circuit court judges. The motions for dismissal or change of venue, based on jurisdiction, should not have been heard by the referee, but should have been directly decided by the circuit court.

MCL 552.507(5); MSA 25.176(7)(5) requires the circuit court, on motion of any party dissatisfied with the recommendation of the friend of the court, to conduct a hearing as if no friend of the court hearing had been conducted previously and arrive at an independent conclusion. In this case, plaintiffs did receive a de novo hearing in the circuit court. Therefore, while we hold that it was error for the referee to decide this purely legal question, we find that it was harmless error.

In summary, we restate that the jurisdiction of the probate court is established by the Legislature. The appellate courts may only interpret the law as set forth by the Legislature. The judiciary does not have the authority to expand its jurisdiction. We

hold that the circuit court committed clear legal error by determining that the Van Buren County Probate Court had subject matter jurisdiction to order grandparent visitation, by finding that the probate court and the circuit court had concurrent jurisdiction, and by holding that the probate court preempted the jurisdiction of the circuit court. We also hold that the circuit court erred in allowing the friend of the court to decide questions of law pertaining to jurisdiction. The orders of the probate court concerning visitation are vacated for lack of jurisdiction.

Reversed and remanded for a hearing pursuant to MCL 722.27b; MSA 25.312(7b). We do not retain jurisdiction.