*In re* HILLIER ESTATE

Docket No. 117129. Submitted April 3, 1991, at Detroit. Decided June 17, 1991, at 9:20 A.M.

Jerry L. Stewart, as personal representative of the estate of Harold O. Hillier, deceased, petitioned the Oakland County Probate Court for a rehearing of a final inheritance tax order entered by the trial court and for issuance of a new inheritance tax order after being informed by an inheritance tax examiner that, while the estate had been entitled to additional deductions, the examiner could not issue a revised final inheritance tax order because the statutory ninety-day appeal period had expired. Respondent, Michigan Department of Treasury, argued that a probate court is without jurisdiction to redetermine inheritance taxes where the petition for review is filed more the ninety days after entry of the final order. The court, Norman Barnard, J., granted the petition for redetermination. Following a denial of its petition for rehearing of the order granting recomputation, the respondent appealed.

The Court of Appeals *held:*

Section 13 of the inheritance tax act, MCL 205.213; MSA 7.574, evidences a clear legislative intent that a probate court is without jurisdiction to grant a rehearing of the determination of inheritance tax if the application for rehearing is filed more than ninety days after entry of the order of final determination of the tax. MCR 2.612, which would seem to permit the probate court to grant the petitioner's request for relief from the final tax order, may not be used to expand the jurisdiction of a probate court.

Reversed and remanded.

*Rupp, Ehrlich, Foley & Serwer, P.C.* (by *Joseph H. Ehrlich*), for the petitioner.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *E. David Brockman* and *Shirley L. Palardy,* Assistant Attorneys General, for the respondent.

Before: DANHOF, C.J., and GRIFFIN and FITZGER-
ALD, JJ.

FITZGERALD, J. Respondent, Michigan Depart-
ment of Treasury, appeals as of right from a
November 18, 1988, order of Oakland Probate
Judge Norman Barnard granting Jerry L. Stew-
art's petition for rehearing of the amount of inher-
itance tax due on behalf of the estate of Harold
Hillier because of errors made in the original
computation of tax to be paid. The department
filed a petition for reconsideration of that decision,
which was denied by order of April 24, 1989, by
Judge Barnard's successor, Judge Joan Young. The
department argues that the trial court erroneously
decided that MCR 2.612 granted the probate court
authority to redetermine an inheritance tax more
than ninety days after the final tax determination
had been entered, because the specific jurisdic-
tional bar contained in the statute cannot be
nullified by a court rule. We agree and reverse.

Harold Hillier, who died testate on November
16, 1984, nominated petitioner as his personal
representative. Petitioner was also named trustee
of decedent's trust, which accounted for a majority
of decedent's assets. A final account by petitioner
was filed and approved by Judge Barnard on De-
cember 30, 1987. At that time, all that remained
before discharging petitioner as fiduciary was for
the Michigan inheritance tax to be resolved. A
final inheritance tax order was entered by Judge
Barnard on February 2, 1988.

Upon receipt of the order, petitioner met with
the inheritance tax examiner regarding possible
claims against the estate that had not been consid-
ered in the tax order, including probate and fed-
eral district court litigation, alimony obligations,
marital deductions, and mortgage payments. The

tax examiner agreed that additional deductions could be credited to the estate only upon substantiation of the claims.

Petitioner subsequently returned to the tax examiner with documents substantiating some of the alleged estate obligations. The tax examiner advised petitioner that he was unable at that time to issue a revised final inheritance tax order because of the expiration of the ninety-day appeal period.

On August 11, 1988, petitioner filed a petition for rehearing of the inheritance tax order and for issuance of a new order pursuant to MCR 2.612(C)(2).[1] The department filed objections, asserting that the petition was brought in contravention of the specific jurisdictional bar of MCL 205.213(5); MSA 7.574(5), which limits the period for the rehearing of a final inheritance tax order to ninety days. On November 18, 1988, Judge Barnard issued an order granting the petition pursuant to MCR 2.612.

The department's position both on appeal and below is that petitioner's request for a redetermination is barred under § 13(5) of the inheritance tax act, MCL 205.213(5); MSA 7.574(5), which provides in relevant part:

> The judge of probate upon the written application of any person interested, filed with him within 90 days after the final determination by him of any tax under this act, may grant a rehearing upon the matter of determining such tax. The attorney general may file the written application for rehearing upon the matter of determining such tax any time prior to the allowance of the final account.

The department reasons that because the ninety-

---

[1] The motion must be made within a reasonable time, and, for the grounds stated in subrules (C)(1)(a), (b), and (c), within one year after the judgment, order, or proceeding was entered or taken.

day period expired on May 2, 1988, the trial court was without jurisdiction to grant rehearing on the basis of the petition for rehearing filed on August 11, 1988. The department does not challenge the merits of the probate court's finding that error had been made in the original computation of the tax. Admittedly, both parties agree with regard to the alleged errors. In light of that fact, we are hard pressed to understand why the department did not stipulate to the amendment of the tax order. While we believe that equity has not been achieved in this case, the law prevents us from arriving at an equitable result.

Probate courts are courts of limited jurisdiction, deriving all their powers from statutory authority. Const 1963, art 6, § 15; *D'Allessandro v Ely,* 173 Mich App 788, 794; 434 NW2d 662 (1988). See also MCL 600.841; MSA 27A.841; MCL 700.1 *et seq.*; MSA 27.5001 *et seq.* Jurisdiction of the probate court cannot be expanded by appellate courts without legislative consent. *D'Allessandro, supra* at 794.

Clearly, the Legislature has granted probate courts the power to decide issues related to inheritance tax orders. MCL 205.210, 205.213(1); MSA 7.571, 7.574(1). The Legislature has also limited the time in which a probate court can entertain motions for rehearing involving orders of inheritance tax. MCL 205.213(5); MSA 7.574(5).

The Legislature has also vested the Supreme Court with rule-making powers governing practices and procedures in the Supreme Court and all other courts of record. MCL 600.223; MSA 27A.223. While a court rule cannot enlarge or restrict the jurisdiction of a court, as defined by statute or constitution, it must be determined if a court rule in fact addresses jurisdiction of a court or rather addresses procedure. Where there is a

conflict between a statute and a court rule, the court rule prevails only if it governs practice or procedure. *Krajewski. v Krajewski,* 125 Mich App 407, 414; 335 NW2d 923 (1983), rev'd on other grounds 420 Mich 729; 362 NW2d 230 (1984).

This Court previously addressed the issue whether a motion for rehearing can be heard by the probate court beyond the ninety-day time limit established by MCL 205.213(5); MSA 7.574(5), by utilizing MCL 600.848(1); MSA 27A.848(1), the general statute granting the probate court the right to rehear matters. In *In re Johnson Estate,* 152 Mich App 200; 394 NW2d 136 (1986), this Court determined that the ninety-day time limit prevailed over the general statute. Applying a general rule of construction that a specific statute controls over a general statute, the Court held that failure to file a petition for rehearing within the ninety-day time limit meant that the probate court was *without jurisdiction* to hear a petition for rehearing under the Revised Judicature Act. *Id.* at 206.

*Johnson* was decided under the former court rules, GCR 1963. At that time, the rule on rehearings was not applicable to probate courts unless the probate court rules adopted that provision from the general court rules. *In re Swanson,* 98 Mich App 347, 350; 296 NW2d 256 (1980). However, as noted by the *Johnson* Court, MCL 600.847; MSA 27A.847, granted the probate court "the same powers as the circuit court to hear and determine any matter and make any proper orders to fully effectuate the probate court's jurisdiction and decisions." Nonetheless, in its analysis, the Court cited MCR 2.612(C) and made reference to the limited authority granted to circuit courts to grant relief from orders and judgments previously entered. Thus, we conclude that the adoption of the Michigan Court Rules of 1985, which specifi-

cally rendered the court rules applicable to probate courts, MCR 1.103, does not affect the *Johnson* decision that a jurisdictional statute prevails and prevents the probate court from entertaining a petition for rehearing after ninety days. See also *In re Kasuba Estate,* 401 Mich 560, 565-566; 258 NW2d 731 (1977).

In light of the limited jurisdiction granted to probate courts, there appears to be no question that MCL 205.213(5); MSA 7.574(5) limits the jurisdiction of the probate court to hear motions for rehearing involving inheritance tax orders. *In re Johnson Estate, supra* at 206. The legislative intent to limit jurisdiction is expressly stated. See *Wikman v Novi,* 413 Mich 617, 642, 651; 322 NW2d 103 (1982). Because pursuant to MCL 205.213(5); MSA 7.574(5) the probate court lacked jurisdiction to consider petitioner's request in the first instance, MCR 2.612 cannot be utilized to expand the jurisdiction of a probate court beyond that intended by the Legislature.

The case is remanded for reinstatement of the final inheritance tax order of February 2, 1988. Any tax order entered after that date is vacated.

Reversed and remanded.