*In re* WAGNER ESTATE (AFTER REMAND)

WAGNER v DEPARTMENT OF TREASURY (AFTER REMAND)

Docket No. 184724. Submitted January 14, 1997, at Lansing. Decided July 8, 1997, at 9:10 A.M.

George L. Wagner, as personal representative of the estate of Nell M. Wagner, petitioned the Bay County Probate Court for a redetermination of inheritance taxes. The court, Karen A. Tighe, J., denied the petition, but waived penalties assessed by the Department of Treasury for failure to pay the taxes in a timely manner. The department appealed. The Court of Appeals on its own motion remanded the matter to the probate court to place on the record its reasons for ordering all penalty charges waived and the statutory authority, if any, relied upon by the probate court in ordering the waiver.

After remand, the Court of Appeals *held*:

In waiving the penalties, the probate court acted within its jurisdiction to hear and determine questions arising under the inheritance tax act, including the assessment of penalties, which can be canceled by the probate court if found on judicial review to be inappropriate. The probate court properly determined that the penalties should be waived because there was no attempt to avoid responsibility for taxes, there was a bona fide question concerning whether certain trust documents created taxable vested remainders or nontaxable contingent remainders, and a twenty-one-month delay in assessing the taxes was attributable to the department's inaction and loss of the tax file.

Affirmed.

Cᴏᴜʀᴛs — Pʀᴏʙᴀᴛᴇ Cᴏᴜʀᴛ — Iɴʜᴇʀɪᴛᴀɴᴄᴇ Tᴀxᴇs — Pᴇɴᴀʟᴛɪᴇs ғᴏʀ Lᴀᴛᴇ Pᴀʏᴍᴇɴᴛ.

A probate court may review an assessment by the Department of Treasury of penalties for the late payment of inheritance taxes and may cancel any penalties found to be inappropriate (MCL 205.210; MSA 7.571).

*Learman, Peters, Sarow & McQuillan, P.L.C.* (by *Robert D. Sarow*), for George L. Wagner.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Jack Van Coevering*, Assistant Attorney General, for the Department of Treasury.

AFTER REMAND

Before: FITZGERALD, P.J., and MACKENZIE and A. P. HATHAWAY*, JJ.

PER CURIAM. Respondent appeals as of right from an order denying petitioner's petition for re-determination of inheritance taxes, but waiving all penalty charges incurred in failing to timely pay the taxes in a timely manner. We affirm.

Respondent argues that the probate court exceeded its jurisdiction when it waived the penalties assessed by respondent. We disagree. MCL 205.204(2); MSA 7.565(2) authorizes respondent to waive penalties for late payment of taxes "[i]f by reason of claims made upon the estate, necessary litigation, or other una-voidable cause of delay, the tax cannot be completely determined and paid." However, MCL 205.210; MSA 7.571 also provides that probate courts have the juris-diction to hear and determine all questions arising under the inheritance tax act. See also *In re Hillier Estate*, 189 Mich App 716, 719; 473 NW2d 811 (1991). Thus, through their power of review, probate courts can review the penalties assessed by respondent to determine whether they were properly added or waived, as well as order the cancellation of penalties found upon judicial review to have been inappropriate.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

In this case, the record on remand establishes that the probate court properly determined that the penalty fees should have been waived by respondent. As the court found, there was no attempt on the part of the estate to avoid tax responsibility; there was a bona fide question whether certain trust documents created taxable vested remainders or nontaxable contingent remainders. Furthermore, there was a twenty-one-month delay in assessing the tax, which delay was attributable to respondent's inaction and ultimately its loss of the file in this case. As stated by the trial court:

> This court believed that equity required a waiver of penalties for that fact alone. Even though some of the penalty amounts could be calculated from a date prior to the file being lost, the court felt strongly that the state should not be permitted to benefit from its own administrative negligence, which prolonged the completion of an independent probate estate for almost two years. Although the court found that imposition of the inheritance tax from date of death was proper, and interest for lost use of those funds to the state was appropriate, we found that imposition of a penalty was not.

As aptly summarized by Judge Tighe:

> We believe that in its opinion and order dated March 21, 1995, this court exercised its authority in a manner to assure the State of Michigan its lawful tax and interest due for loss of timely paid tax dollars, while also exercising its equitable power to avoid penalizing an estate for punitive costs when there was an offsetting, needless delay created by the disappearance of the tax file for 21 months.

Affirmed.