*In re* WASHBURN ESTATE

McCARTHY & ASSOCIATES, INC v WASHBURN

Docket No. 130196. Submitted June 11, 1992, at Detroit. Decided July 7, 1992, at 9:30 A.M.

McCarthy & Associates, Inc., petitioned the Wayne Probate Court to reopen the estate of Michael B. Washburn, deceased, which was closed on March 23, 1988, following unsupervised probate proceedings in which the decedent's creditors received notice by publication. McCarthy, which brought its petition in order to pursue a contractual claim against the estate, argued for the retroactive application of *Tulsa Professional Collection Services, Inc v Pope,* 485 US 478, decided April 19, 1988, in which the Court held that notice by publication to a decedent's known creditor violates the creditor's right to procedural due process under the Fourteenth Amendment. Terry Washburn, successor independent personal representative of Michael Washburn's estate, responded, arguing that *Tulsa* should have prospective application only and that the probate court was without jurisdiction to hear the petition because the claim against the estate was not filed within the time limits set by MCL 700.328; MSA 27.5328. The probate court, Thomas A. Maher, J., granted the petition. The respondent appealed by leave granted.

The Court of Appeals *held:*

1. *Tulsa* does not apply retroactively to probate proceedings rendered final before April 19, 1988. Retroactive application of the new rule of law established by *Tulsa* would not further its purposes and would generate hardship and injustice to those who relied on the former rule to define their property rights.

2. McCarthy's claim against the estate was barred by MCL 700.328; MSA 27.5328 because it was not presented within four months after the publication of notice to creditors and a petition for a tardy claim was not filed before final settlement and distribution of the assets of the estate.

Reversed.

*Monaghan, LoPrete, McDonald, Sogge & Yakima* (by *Ronald R. Sogge*), for the petitioner.

*Goldstein, Serlin, Reizen, Rosenbaum & Baker,*
*P.C.* (by *Barry M. Rosenbaum*), for the respondent.

Before: FITZGERALD, P.J., and CAVANAGH and
NEFF, JJ.

PER CURIAM. Terry Washburn, successor inde-
pendent personal representative of the estate of
Michael B. Washburn, deceased, appeals by leave
granted the June 13, 1990, order of Wayne Pro-
bate Judge Thomas A. Maher reopening the previ-
ously closed estate so that petitioner McCarthy &
Associates (hereinafter McCarthy) could pursue its
contract claim against the estate. We reverse.

I

Washburn's estate was probated pursuant to the
independent probate procedures, MCL 700.301 *et
seq.*; MSA 27.5301 *et seq.*, which contemplate the
expeditious settlement and distribution of an es-
tate without court supervision. Terry Washburn
was appointed independent personal representa-
tive on December 10, 1986. Pursuant to statutes
and court rules then in effect,[1] notice to creditors
was given by publication.[2] No claims were filed
against the estate, and decedent's debts were paid
and the assets distributed under the laws of intes-
tacy to his widow and children. The estate was

[1] The statutes have subsequently been amended. 1988 PA 222
revised and consolidated the laws relative to the probate of decedents'
estates and applies to proceedings commenced on or after January 1,
1989. MCL 700.703; MSA 27.5703 was modified to require actual
notice to known creditors as required by *Tulsa Professional Collection
Services, Inc v Pope*, 485 US 478; 108 S Ct 1340; 99 L Ed 2d 565
(1988).

[2] 1978 PA 642, MCL 700.328(1); MSA 27.5328(1), provided:

An independent personal representative shall cause publica-
tion of notice with respect to presentment of claims as provided
by supreme court rule.

closed on March 23, 1988, when Terry Washburn filed a verified closing statement.[3]

On March 22, 1989, McCarthy filed suit against Michael B. Washburn in the Wayne Circuit Court for breach of contract. When McCarthy was advised of Michael Washburn's death, the complaint was amended to substitute Terry Washburn, personal representative of the decedent's estate. The personal representative asked the circuit court to dismiss the amended complaint because no order reopening the estate had been entered. The circuit court apparently agreed that McCarthy had to reopen the estate in probate court.

McCarthy moved to have the estate reopened pursuant to MCL 600.848(1); MSA 27A.848(1), which provides:

> Upon petition, where justice requires, and after due notice is given to all parties in interest, the probate court may grant rehearings and modify and set aside orders, sentences, or judgments rendered in the court.

McCarthy argued that justice required reopening the estate because, less than a month after the estate was closed, the United States Supreme Court decided *Tulsa Professional Collection Services, Inc v Pope,* 485 US 478; 108 S Ct 1340; 99 L Ed 2d 565 (1988), holding that an Oklahoma statute providing for notice to a decedent's known creditors solely by publication violated the Due Process Clause of the Fourteenth Amendment. McCarthy argued that its right to due process would likewise be violated if it was forever barred from bringing its claims in this case.[4]

---

[3] MCL 700.357(3); MSA 27.5357(3) provides in part that "an independent personal representative shall close an estate by filing with the court . . . a verified closing statement."

[4] McCarthy alleged that it was an actual known creditor because

The personal representative responded by arguing that *Tulsa* should not be given retroactive effect and that, at the very least, should not be given total retroactive effect in such a manner that an estate already closed will be allowed to be reopened. The personal representative also argued that § 848(1) was not applicable because the estate proceeded through independent probate and therefore no "orders, sentences, or judgments [were] rendered in the court" within the meaning of the statute. Instead, the personal representative argued that MCL 700.593(2); MSA 27.5593(2) was applicable. That statute provides:

> · Upon filing a petition after the closing of an estate, the court may cause the estate to be reopened for the purpose of administering after-discovered assets or any other assets belonging to the estate or to complete the administration of the estate in case the estate was closed without being fully administered by the fiduciary or court, or for the correction of typographical errors, omissions, or misdescription of property contained in any order or record in the estate, and for any of these purposes may appoint successor fiduciary. *The failure of a complainant to file a claim against the estate during the original administration thereof shall not be a cause for reopening the estate or for the appointment of a successor fiduciary.* [Emphasis added.]

The personal representative argued that the mandatory language contained in the last sentence required the probate court to dismiss McCarthy's petition.

In an opinion dated May 10, 1990, the probate

decedent's attorneys who assisted the personal representative in probating the estate were the same attorneys who were involved in settling the dispute involving the listing agreements before Michael Washburn's death.

court granted the petition to reopen the estate and to file a tardy claim pursuant to § 848(1) for the following reasons:

> Under the old claims statute by which this estate was administered, notice only need be given by publication. However after the United State Supreme Court ruled in *Tulsa Professional [Collection Services, Inc,* 485 US 478; 108 S Ct 1340; 99 L Ed 2d 565 (1988)] that such notices deprived creditors of procedural due process, the Michigan Claims Act was amended to provide that in both supervised and independent probate, known creditors must be given actual written notice.
>
> Because procedural due process is an important constitutional right, this court determines that the facts in this case create a classic situation "where justice requires" that the order closing the estate be set aside, and the case is re-opened for the purpose of permitting Petitioner to pursue its claim under its contract in Circuit Court.

II

The pivotal issue we must decide is whether the *Tulsa* decision applies retroactively to probate proceedings finalized before that decision was announced on April 19, 1988. Because our determination focuses on the application of a United States Supreme Court decision, we rely upon United States Supreme Court cases that have addressed the issue of retroactive and prospective application of judicial decisions. See *Carter v Chattanooga, Tennessee,* 850 F2d 1119 (CA 6, 1988).

In *Chevron Oil Co v Huson,* 404 US 97; 92 S Ct 349; 30 L Ed 2d 296 (1971), the Court articulated the following standards for prospective application of a decision: (1) Was a new rule of law established? (2) Will the purposes of the decision be

furthered by retroactive application? and (3) Will hardship or injustice be generated by retroactivity?

Applying these standards, we must initially determine whether *Tulsa* established a new principle of law. In *Tulsa,* the Court addressed a question of first impression. In addition, the Court acknowledged that it rejected a practice widely adopted by state legislatures and courts when it stated: "Such 'nonclaim statutes' are almost universally included in state probate codes." 485 US 479.

To satisfy the second prong of the test, we must determine if the purposes of the *Tulsa* rule would be furthered by retroactive application. The purpose of the actual notice requirement is to satisfy the due process requisite stated in *Tulsa* and established in *Mullane v Central Hanover Bank & Trust Co,* 339 US 306; 70 S Ct 652; 94 L Ed 865 (1950). While that purpose may be furthered by retroactive application of the *Tulsa* decision, we conclude that the benefit of avoiding hardships created by retroactivity is an ample basis for prospective application.

The third prong of the test is an examination of the hardship generated by retroactivity. In this case, retroactive application of the *Tulsa* decision could cause the disturbance of many property rights. Those rights were defined according to law unexpectedly declared invalid, and they have created immeasurable reliance. "The actual existence of a statute, prior to [it being declared invalid], is an operative fact and may have consequences which cannot justly be ignored. The past cannot always be erased by a new judicial declaration." *Chicot Co Drainage Dist v Baxter State Bank,* 308 US 371, 374; 60 S Ct 317; 84 L Ed 329 (1940).

We hold that the *Tulsa* decision does not apply retroactively to probate proceedings rendered final

before it was decided on April 19, 1988.[5] A probate estate is closed when the independent personal representative files a verified closing statement with the court. MCL 700.357; MSA 27.5357. In this case, the closing statement was filed on March 23, 1988. Thus, petitioner's claim is barred because he failed to file it within the time limits prescribed by statute.[6]

### III

Having concluded that procedural due process does not require the probate court to reopen the estate, we will briefly address respondent's argument that reopening of the estate is barred under § 593(2) of the Revised Probate Code, and that the estate cannot be reopened by utilizing § 848(1) of the Revised Judicature Act.

At the time this estate was administered, MCL 700.328; MSA 27.5328 provided:

(2) Claims against a decedent's estate which arose before or after the death of the decedent, including claims of the state and a subdivision of the state, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or other legal basis, if not barred earlier by other statute of limitations, are barred against the estate, the independent personal representative, and the heirs and the devisees of the decedent, unless any of the following occurs:

(a) The claim is presented within 4 months after the date of the first publication of notice to creditors if notice is given in compliance with supreme court rule or 4 months after the claim becomes due, whichever is later.

---

[5] Our holding is consistent with the holdings of other states that have addressed this issue. See, e.g., *Farm Credit Bank of St Louis v Brown,* 217 Ill App 3d 730; 160 Ill Dec 581; 577 NE2d 906 (1991); *In re Weidman Estate,* 476 NW2d 357 (Iowa, 1991).

[6] See part III.

(b) A petition for leave to file tardy claim is filed before final settlement and distribution of the assets of the estate if the petitioner did not have actual notice of the estate.

(c) The claim is presented within 3 years after the decedent's death, if notice to creditors has not been published.

In this case, McCarthy's claim was not presented within the specific time limits set forth in subsection a, nor was a petition to file a tardy claim filed before final settlement of the estate.[7] Petitioner's failure to file a claim within the time limit rendered the probate court without jurisdiction to hear the petition to reopen the estate under the Revised Judicature Act. See *In re Hillier Estate,* 189 Mich App 716, 721; 473 NW2d 811 (1991).

Reversed.

---

[7] MCL 700.732; MSA 27.5732 provided:

On the application of a creditor who failed to present his claim, if made within 18 months following the time originally fixed for the presentation of claims, and *before the estate is closed,* the court shall allow further time, not exceeding 1 month, for the creditor to present his claim. [Emphasis added.]