851 P.2d 271 (1993)
In the Matter of the ESTATE OF Joseph DIRE, Deceased.
LYONS SAVINGS AND LOAN ASSOCIATION, Claimant-Appellant,
v.
Michael DIRE and Donna Dire, Co-Personal Representatives, Appellees.
No. 92CA0271.
Colorado Court of Appeals, Div. II.
March 11, 1993.
Robert Ausenhus, Loveland, for claimant-appellant.
Michael R. Dice, Denver, for appellees.
Opinion by Judge SMITH[*].
In this probate action, claimant, Lyons Savings and Loan Association, appeals from the probate court's order ruling that *272 its claim against the estate of the decedent was barred as being untimely presented within the applicable nonclaim period set forth in § 15-12-803(1), C.R.S. (1987 Repl. Vol. 6B), as in effect prior to its amendment in 1990 and applicable here. We affirm.
The decedent, Joseph Dire, died in October 1987. The personal representatives thereafter published a notice to creditors in January 1988, which set May 9, 1988, as the date by which all claims against the estate were required to be presented. See §§ 15-12-801 & 15-12-803(1)(a), C.R.S. (1987 Repl.Vol. 6B) (as then in effect). No separate written notice to creditors was sent to claimant individually.
Claimant first presented its claim against the estate on January 19, 1990, by filing its claim with the court in this probate action. See § 15-12-804(1), C.R.S. (1987 Repl.Vol. 6B). That claim sought payment of the deficiency following foreclosure in 1990 on property securing a promissory note executed by the decedent in March 1985.
The personal representatives thereafter disallowed this claim and mailed a notice of disallowance of the claim to claimant. Claimant then filed a petition for allowance of its claim in this probate action on February 8, 1990. See § 15-12-806(1), C.R.S. (1987 Repl.Vol. 6B). Relying on Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988), claimant asserted that its claim had been timely presented and was not barred by the time limit set forth in the published notice to creditors because it had not been given written notice of the applicable nonclaim period.
The probate court subsequently ruled that claimant's claim was not barred by the nonclaim period set forth in § 15-12-803(1)(a), C.R.S. (1987 Repl.Vol. 6B), as then in effect, notwithstanding claimant's failure to present its claim within the time limit set in the published notice to creditors. Applying Pope, the probate court held that the nonclaim period established in a published notice to creditors pursuant to § 15-12-803(1)(a) was not self-executing and that due process therefore required notice to be given by mail to known or reasonably ascertainable creditors such as claimant in order for the estate to obtain the benefits of the shortened nonclaim period under § 15-12-803(1)(a).
However, the probate court then ruled that claimant's claim was barred by the separate nonclaim period set forth in § 15-12-803(1)(b), C.R.S. (1987 Repl.Vol. 6B), as then in effect, because claimant had failed to present its claim within one-year of the decedent's death. Again applying Pope, the probate court held that the nonclaim period of one-year after a decedent's death set forth in § 15-12-803(1)(b) was self-executing and that due process therefore did not require notice to be given to claimant concerning this nonclaim period.
The probate court further held that the one-year nonclaim period set forth in § 15-12-803(1)(b) was applicable here even though the personal representatives had published a notice to creditors, ruling that the failure of the estate to obtain the protection of the shortened nonclaim period under § 15-12-803(1)(a) because of ineffective notice by publication was the legal equivalent to no publication of notice to creditors at all. The probate court therefore dismissed claimant's claim for lack of jurisdiction, ruling that this claim was barred as being not timely presented within the one-year nonclaim period under § 15-12-803(1)(b).
On appeal, claimant contends that the probate court erred in applying the one-year nonclaim period under the circumstances here. It argues that the express terms of § 15-12-803(1)(b) provided that the one-year nonclaim period applied only if notice to creditors had not been published. We disagree.
Initially, we note that the nonclaim provisions of § 15-12-803(1) at issue here were substantially amended in 1990 in response to Pope. See § 15-12-803(1), C.R.S. (1992 Cum.Supp.); see generally Hoiland, The Colorado Non-Claim Statute, 21 Colo. Law. 45 (January 1992). However, the 1990 amendments are not applicable here because they are effective only in connection with estates of decedents dying on or *273 after July 1, 1990. See Colo.Sess.Laws 1990, ch. 115 at 907.
We also note that the probate court's rulings concerning the applicability and effect of Pope on the statutory nonclaim periods set forth in the former provisions of §§ 15-12-803(1)(a) & (b) and the ineffectiveness as to claimant of the nonclaim period under the former § 15-12-803(1)(a) in the published notice to creditors are not challenged by the parties and are not at issue in this appeal. Accordingly, we will not address the propriety of these rulings.
Thus, the sole issue on appeal here involves the appropriate construction of the statutory provisions of the former § 15-12-803(1)(b) which remain in effect as to this case and the applicability of the one-year nonclaim period set forth therein under the circumstances here.
Prior to its amendment in 1990 and as in effect here, § 15-12-803(1) provided, in pertinent part, that all claims against a decedent's estate arising before the decedent's death were barred unless presented:
(a) Within the time set in the notice to creditors if such notice is given in compliance with section 15-12-801 ...
(b) Within one year after the decedent's death, if notice to creditors has not been published. (emphasis added)
Claimant contends that the probate court ignored the express terms of the former § 15-12-803(1)(b) in applying the one-year nonclaim period here despite the fact that notice to creditors had been published in this case. However, we agree with the probate court that, under the foregoing statutory scheme, the one-year nonclaim period set forth in the former § 15-12-803(1)(b) was applicable when any published notice to creditors was not effective as well as whenever notice to creditors had not been published at all. Implicit in the word "published" is the requirement that the provisions of § 15-12-801 have been complied with.
The result of claimant's theory would be that, whenever a published notice to creditors was not effective under the prior statute, either no nonclaim period would apply or the nonclaim period of the former § 15-12-803(1)(a) would be held open indefinitely until effective notice to creditors was given. Such result is inimicable to the purposes of the probate code.
The Colorado Probate Code must be construed to promote its underlying purposes and policies, one of which is the speedy and efficient settlement of estates and their distribution to successors. Sections 15-10-102(1) & 15-10-102(2)(c), C.R.S. (1987 Repl.Vol. 6B).
Construction of the nonclaim provisions of the former § 15-12-803(1) to bar claims presented more than one-year after the decedent's death whenever, as here, no effective published notice under § 15-12-803(1) was accomplished, is consistent with this policy. In contrast, the construction advocated by claimant would seriously undermine the basic policy of speedy and efficient settlement and distribution of estates. See In re Estate of Daigle, 634 P.2d 71 (Colo.1981); In re Alperstein v. Sherwood International, Inc., 778 P.2d 279 (Colo. App.1989).
We also note that our construction of the provisions of the former § 15-12-803(1)(b) as establishing a one-year nonclaim period as to a particular creditor as to when published notice to creditors was ineffective is also consistent with the current nonclaim provisions of § 15-12-803(1) as amended in 1990. See § 15-12-803(1)(a)(III), C.R.S. (1992 Cum.Supp.) (barring claims presented more than one-year after the decedent's death as to all creditors, regardless of any publication or other purported service of written notice).
Moreover, compliance with the time limits of a nonclaim statute for the presentation of a claim is jurisdictional and is a condition precedent to the enforcement of a right of action. Consequently, claimant's failure to comply with the applicable one-year nonclaim period set forth in the former § 15-12-803(1)(b) barred its claim and deprived both the probate court and this court of jurisdiction over the subject matter of the claim. See In re Estate of Daigle, supra; Wishbone, Inc. v. Eppinger, 829 P.2d 434 (Colo.App.1991). Thus, *274 the probate court properly dismissed this claim for lack of jurisdiction.
However, we do not find this appeal to be frivolous or groundless, and the personal representatives' request for an award of their attorney fees incurred on appeal pursuant to § 13-17-102, C.R.S. (1987 Repl. Vol. 6A) is therefore denied.
The probate court's order is affirmed.
TURSI and HUME, JJ., concur.
NOTES
[*] Sitting by assignment of the Chief Justice under provisions of the Colo.Const. art. VI, Sec. 5(3), and § 24-51-1105, C.R.S. (1988 Repl.Vol. 10B).