### In the Matter of the ESTATE Of Robert W. LESLIE, Deceased.

**Robert A. LESLIE, Petitioner–Appellant,**

v.

**William C. LESLIE, Margaret A. Leslie, David Leslie, Respondents–Appellees,**

and

**Walter Barnes, Lloyd Rowland, and Bradley, Campbell, Carney & Madsen, Appellees.**

No. 93CA0409.

Colorado Court of Appeals, Div. II.

April 21, 1994.

As Modified on Denial of Petition for Rehearing of Respondents–Appellees Aug. 4, 1994.

Petition for Rehearing of Plaintiff–Appellant Denied Aug. 4, 1994.*

Certiorari Denied Jan. 17, 1995.

---

* Metzger, J., would grant rehearing.

Robert A. Leslie, pro se.

Bradley Campbell Carney & Madsen, Laura J. Vogelgesang, Golden, for respondents-appellees.

Opinion by Judge JONES.

In this proceeding for administration of the estate of the decedent, Robert Wilson Leslie, petitioner, Robert A. Leslie, appeals the supplementary order of final settlement and distribution entered by the probate court. We dismiss the appeal in part and affirm the order.

■ Initially, we note that the record reflects that two of the respondents set forth in the caption, Margaret A. Leslie and David Leslie, were not represented by counsel before the probate court. Also, they received no notice of this appeal against them. Accordingly, the appeal is dismissed as to them. C.A.R. 3(a).

■ Additionally, Walter Barnes, Lloyd Rowland, and Bradley, Campbell, Carney & Madsen (a law firm), set forth as appellees by petitioner, are not reflected in the record as parties of interest in the decedent's estate and are not proper parties to this appeal. Accordingly, this appeal is dismissed as to those parties. C.A.R. 3(a).

I.

Petitioner initially contends that the underlying will is invalid as fraudulent and that the probate court, therefore, erred in entering its orders of final settlement and distribution. We disagree.

In an earlier appeal arising out of this estate matter, *Leslie v. Colorado National Bank*, (Colo.App. No. 89CA2010, December 10, 1993) (not selected for official publication), a division of this court concluded that the will had been properly executed and, thus, affirmed the orders of the probate court admitting the decedent's will to formal probate. *See O'Brien v. Wallace*, 145 Colo. 291, 359 P.2d 1029 (1961). There, the division noted, with particularity, that petitioner

was given sufficient notice of the hearing of October 12, 1989, on the issue of whether the will should be admitted to probate. *See* §§ 15–10–401(1)(a) and 15–12–403(1)(a), C.R.S. (1987 Repl.Vol. 6B). Petitioner attempts, once again, to have that issue reviewed here. A critical part of petitioner's claim in the previous case was the allegation that the will was fraudulent. There, both the trial court and this court resolved those issues against petitioner.

■ Matters resolved by that appeal may not be reviewed again here. *See Dando Co. v. Mangini,* 107 Colo. 170, 109 P.2d 1055 (1941).

## II.

Petitioner also contends that the probate court erred in charging certain litigation and administration expenses against his share of the distribution of the estate. We perceive no error.

The record reflects that final settlement and distribution of the estate here was delayed, and additional fees and costs were incurred, by petitioner's unsuccessful attempts to challenge the validity of the will and its final administration. We have noted above petitioner's challenge in this court of earlier orders entered in this matter by the probate court. Following our disposition there, petitioner's petition for certiorari was denied by the Colorado Supreme Court on April 15, 1991.

Thereafter, in 1991, petitioner filed an action in the United States District Court for the District of Colorado (Civil Action No. 91–S–2123) challenging the validity of the will. That matter was dismissed on September 29, 1992.

Following that dismissal, petitioner filed a separate civil action in the Boulder County District Court, No. 92CV1470, apparently based on fraud, challenging the validity of the will. That action was dismissed on numerous grounds. Petitioner appealed dismissal of that action to this court. A division of this court affirmed the dismissal, determining, *inter alia,* that petitioner had failed to request a hearing on respondents' motions to dismiss, that the issues raised on appeal had been resolved in the earlier probate litigation, and that the appeal was barred by *res judicata. Leslie v. Leslie,* (Colo.App. No. 93CA0185, March 10, 1994) (not selected for official publication).

Finally, on or about February 24, 1993, after a hearing on the personal representative's petition here, and petitioner's objections thereto, *see* § 15–12–1001, C.R.S. (1987 Repl.Vol. 6B), the supplemental order of final settlement and distribution was entered. Although petitioner was given notice thereof in January 1993, he chose not to be present at the hearing.

As a part of this order, the probate court stated: "All personal representative and attorney fees in excess of those ordered to be paid out of the general estate [, *i.e.,* fees attributable to his unsuccessful attempts' to challenge the will and the orders of the various courts involved,] were and are charged against the distributive share of Dr. Robert A. Leslie, M.D."

This order followed from a part of the original order for final settlement and distribution, dated December 11, 1991. In that order, in anticipation of the other cases to be filed by petitioner covering issues already litigated, the probate court stated that should such cases be filed, the personal representative was authorized to hold up the final distribution but that, in such event, the personal representative "may apply to this Court for an additional Order or Orders regarding the payment and burden of additional expense."

■ As to whether the litigation and administration expenses attributable to the attempts of the petitioner to challenge the will and its final administration were appropriately charged against the petitioner's distributive share, there is no Colorado statutory or case law. However, we are persuaded by the cases from other jurisdictions that fees and expenses may be so collected.

In *Webbe v. First National Bank & Trust Co.,* 93 Ill.Dec. 886, 487 N.E.2d 711 (Ill.Dist. Ct.App.1985), one of several beneficiaries of a trust sued unsuccessfully in a suit that the court found to be "groundless and brought without reasonable cause." The appellate court, in upholding the charging of resultant

legal fees and administrative costs against only that beneficiary's distributive share, stated:

> [W]hen one of several beneficiaries brings essentially groundless and unsuccessful litigation against a trustee the purpose of which was to benefit only himself, no reason suggests itself why the other beneficiaries, who did not join with him, sought no relief and had no voice in the conduct of the case, should share the expense with the initiating beneficiary. If such were not the case, a beneficiary could assault will and trust provisions attempting to increase his individual shares secure in the knowledge that, if he was unsuccessful, the cost would be borne by the other beneficiaries equally and not recovered solely out of the share of the party seeking to further his own ends. This would not seem to be just.

*Webbe v. First National Bank & Trust Co.,* *supra,* 93 Ill.Dec. at 889, 487 N.E.2d at 714. See *Dayton v. Conger,* 448 So.2d 609 (Fla. Dist.Ct.App.1984); *In re Estate of Campbell,* 46 Haw. 475, 382 P.2d 920 (1963); *Boston Safe Deposit & Trust Co. v. Stone,* 348 Mass. 345, 203 N.E.2d 547 (1965); *In re King's Estate,* 336 Pa. 1, 7 A.2d 297 (1939).

The Colorado Probate Code is equitable in nature. Section 15–10–103, C.R.S. (1987 Repl.Vol. 6B). It does not, however, specifically provide for payment of administrative expenses and attorney fees from an individual's distributive share, even if that heir has individually caused such costs to be incurred. Nevertheless, we conclude that the probate court's order of payment may be upheld here under the circumstances attending petitioner's relentless pursuit of the very same issues in three separate trial courts, in both the state and federal jurisdictions, and in three appeals to this court.

Section 13–17–102, C.R.S. (1989 Repl.Vol. 6A), provides that in any civil action "of any nature," a party asserting a claim or defense may have fees imposed against such party if the claim or defense being asserted is frivolous and lacking in substantial justification. Thus, the costs imposed by the probate court here must be viewed in the context of findings by the probate court, and the other courts involved, concerning whether the extraneous litigations unsuccessfully pursued by petitioner and leading to the additional costs were substantially lacking in justification.

In the federal court action, the court set forth six grounds for dismissal, any one of which could reasonably justify a finding that the action was frivolous and groundless. The cumulative effect of the six grounds would, in a Colorado state court, most assuredly constitute grounds for a finding of groundless and frivolous litigation.

In the separate Boulder district court action, the trial court summarily dismissed petitioner's action, adopting as justification all of the grounds set forth by the respondents as to why the complaint should be dismissed. One such ground was as follows:

> The complaint, taken together with the judgment of the Colorado Court of Appeals in Case No. 89CA2010, and with the federal district courts' orders of dismissal, [there was also a matter filed by petitioner in, and dismissed by, the United States District Court for the Northern District of Oklahoma (Civil Action No. 92–C–102–E), challenging the validity of the will], reveals that the plaintiff has made no inquiry into the facts or the law, that the plaintiff does not believe that the pleading is 'well grounded in fact,' that the legal theory asserted in the complaint is not based on existing legal principles or a 'good faith argument' for the modification of existing law, and that the pleading was filed for the purpose of causing delay and harassment and an increase in the cost of litigation, see *Henry v. Kemp,* 829 P.2d 505 (Colo.App. 1992); the plaintiff should thus be required to pay the defendants' fees and costs pursuant to C.R.C.P. 11 and C.R.S. § 13–17–102.

Thus, by inference, the trial court found that action to be frivolous and groundless. We have noted above that on appeal of that action a division of this court affirmed the trial court, although it declined to award attorney fees for that separate appeal.

Finally, throughout the extensive litigation of this matter, including two appeals, the trial court has noted the lack of substance and the groundlessness of petitioner's claims and defenses, thus implicitly finding that his numerous actions have been frivolous.

The General Assembly promulgated the Colorado Probate Code for the basic purpose of promoting "a speedy and efficient system for settling the estate of the decedent and making distribution to his successors." Section 15–10–102(2)(c), C.R.S. (1987 Repl.Vol. 6B); *In re Estate of Dire*, 851 P.2d 271 (Colo.App.1993).

Much of petitioner's conduct in initiating and prosecuting needless and insubstantial litigation has resulted in the frustration of this basic purpose and the possible depletion of the assets of the estate. Accordingly, and in the light of the findings of the several courts which have been forced needlessly to consider this matter, we cannot say that the probate court here abused its discretion in awarding against the petitioner's distributive share the administrative costs and legal fees incurred by the estate in defending against the unsuccessful and groundless litigation in this and the two other cases that concerned, principally, the same issues that had been previously resolved. *See Webbe v. First National Bank & Trust Co., supra.*

We conclude that petitioner's other contentions are without merit. We decline to award attorney fees and costs as to this appeal.

The order of the probate court is affirmed. This appeal is dismissed as to Margaret A. Leslie, David Leslie, Walter Barnes, Lloyd Rowland, and Bradley, Campbell, Carney & Madsen.

METZGER and NEY, JJ., concur.