In the Matter of the ESTATE OF
Donald STIRLING, Deceased,

Connie NESS, Claimant and Appellant,

and

Michael Ness, Claimant,

v.

Irene STIRLING, Harold John Stirling, Lee Thomas Stirling, Robert E. Stirling, Duane D. Stirling, Bette Jo Blixt, and Lori Kay DeFabio, Respondents and Appellees.

Civ. No. 950036.

Supreme Court of North Dakota.

September 26, 1995.

David Garaas (argued), of Garaas Law Firm, Fargo, for claimant and appellant.

C. Nicholas Vogel (argued), of Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for respondents and appellees.

MESCHKE, Justice.

Connie Ness appealed from an order that her personal injury claim against the Estate of Donald Stirling was barred by the statute of limitations. We affirm.

Ness was injured in a May 21, 1987, collision between her car and one driven by Donald Stirling. In May 1993, Ness attempted to serve a summons and complaint on Stirling. Stirling, however, had died on February 7, 1993. No probate proceedings had been begun.

By letter of June 23, 1993, counsel for Ness asked Mrs. Stirling if a personal representative had been appointed for Stirling's estate. By letter of July 2, 1993, Stirling's insurer replied that it believed the six-year statute of limitations had run.[1] On September 19, 1994, Ness filed a petition alleging that, from her injuries in the May 21, 1987, collision, she was a creditor of the Estate of Donald Stirling, seeking a determination that Stirling died intestate, and requesting that she be appointed personal representative of the estate.

The trial court held that "Connie Ness's claim is barred by the applicable statute of limitations and on that basis she is not entitled to be appointed personal representative." Ness appealed.

Ness contends that her claim is not barred by any statute of limitations because her "cause of action against the Estate of Donald Stirling does not fully accrue until there is a personal representative appointed" and that she has "at least one year after the personal representative is appointed in order to initiate her lawsuit." Ness argues her claim is not time-barred because, when a person dies, NDCC 28–01–16 becomes ineffective, and NDCC 28–01–26 becomes the applicable statute of limitations.[2] Therefore, Ness argues, her time to sue Stirling's estate should be measured from (1) the appointment of a personal representative under NDCC 28–01–26 and 30.1–12–04,[3] (2) the first publication of notice to creditors under NDCC 30.1–19–03(1),[4] or (3) death, if a notice to creditors has not been published under NDCC 30.1–12–08.[5] Alternatively, Ness argues that,

---

1. Part of NDCC 28–01–16 directs:

   The following actions must be commenced within six years after the claim for relief has accrued:

   \* \* \* \* \* \*

   5. An action for ... injury to the person or rights of another not arising upon contract.

2. Part of NDCC 28–01–26 says:

   If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof and the claim for relief survives and is not one based upon a claim which may be filed proceeding under title 30.1, an action may be commenced against his personal representative after the expiration of that time and within one year after the issuing of letters.

3. Part of NDCC 30.1–12–04 directs:

   No proceeding to enforce a claim against the estate of a decedent or his successors may be ... commenced before the appointment of a personal representative.

4. Part of NDCC 30.1–19–03(1) directs:

   All claims against a decedent's estate which arose before the death of the decedent, ..., founded on contract, tort, or other legal basis, *if not barred earlier by other statute of limitations,* are barred against the estate, the person-

al representative, and the heirs and devisees of the decedent, unless presented as follows:
   a. Within three months after the date of the first publication and mailing of notice to creditors if notice is given in compliance with section 30.1–19–01; ...
   b. Within three years after the decedent's death, if notice to creditors has not been published and mailed.
   (Emphasis supplied as a caution).

5. Part of NDCC 30.1–12–08 directs:

   No informal probate or appointment proceeding or formal testacy or appointment proceeding ... may be commenced more than three years after the decedent's death, except:

   \* \* \* \* \* \*

   4. If no personal representative of a decedent's estate has been appointed in any proceeding within three years after the decedent's death, a proceeding for formal probate of a will or for adjudication of intestacy, with a request for an appointment of a personal representative, may be commenced at any time three years or more after the decedent's death for the sole purpose of establishing inheritance or succession of property in which the decedent possessed an interest at the time of death and for appointment of a personal representative to convey title to that

even if the general statute of limitations, NDCC 28–01–16, continued to operate, her claim still would not be time-barred because NDCC 30.1–12–04[6] prohibited commencement of her action before a personal representative was appointed, and under NDCC 28–01–29,[7] this statutory prohibition tolled the general six-year statute of limitations. Ness's analyses are mistaken.

▮ Except for Stirling's death, the statute of limitations in NDCC 28–01–16 would have barred Ness's claim on May 21, 1993, six years after the car accident. Ness's first argument is mistaken because the death of a potential defendant before the six-year period runs neither makes NDCC 28–01–26 the applicable statute of limitations, nor renders NDCC 28–01–16 ineffective. NDCC 28–01–26 says that, upon the death of a potential defendant before the statute of limitations has run, a claimant may sue after the statute of limitations has run and within one year after letters of administration were issued, if the claim "is not one based upon a claim which may be filed proceeding under title 30.1." A tort claim for damages may be filed in a probate proceeding under Title 30.1. *See* NDCC 30.1–01–06(5), which says, " 'Claims', in respect to estates of decedents ..., includes liabilities of the decedent ... whether arising in contract, in tort, or otherwise," and NDCC Ch. 30.1–19, which authorizes the presentation and payment of creditors' claims. Because a creditor's claim for tort damages can be filed in a probate proceeding under Title 30.1, NDCC 28–01–26 does not apply.

▮ Ness also argues that, even if the six-year statute of limitations in NDCC 28–01–16 applies, her claim is still not time-barred because NDCC 30.1–12–04 prohibits enforcing her claim before a personal representative is appointed and, under NDCC 28–01–29, that statutory prohibition tolls the general

six-year statute of limitations. This argument is also mistaken. Part of NDCC 30.1–12–04 directs: "No proceeding to enforce a claim against the estate of a decedent or his successors may be revived or commenced before the appointment of a personal representative." That section is "designed to force creditors of decedents to assert their claims against duly appointed personal representatives." *Comment*, NDCC 30.1–12–04 (U.P.C. § 3–104). But that statute does not prohibit enforcement of Ness's claim. Long ago, in *Osborne v. Lindstrom*, 9 N.D. 1, 81 N.W. 72, 74 (1899), this court explained: "The right to sue is not prohibited; it simply has a condition annexed to it." In this case, the annexed condition is the appointment of a personal representative.

▮ After a brief 45 day delay,[8] a creditor may obtain appointment of another or herself as the personal representative of an estate in order to present a claim:

> Creditors of a decedent are interested persons who may seek the appointment of a personal representative (section 30.1–14–01). If no appointment is granted to another within 45 days after decedent's death, a creditor may be eligible to be appointed if other persons with priority decline to serve or are ineligible (section 30.1–13–03).

*Comment*, NDCC 30.1–12–04 (U.P.C. § 3–104). While, on first reading, a creditor's power to petition for appointment of the personal representative may appear permissive, the effect of the 45 day delay and related probate statutes makes clear the effect of the creditor's power is mandatory, in fact.

▮ Upon the death of a person liable to suit on a tort claim for damages, the time to sue the decedent's estate is not measured, as Ness argues, from the appointment of a personal representative, first publication of

---

property to the decedent's heirs or devisees.... These limitations do not apply to proceedings to construe probated wills or determine heirs of an intestate.

**6.** *See* that part of NDCC 30.1–12–04 in footnote 3.

**7.** NDCC 28–01–29 directs:

When the commencement of an action is stayed by injunction or other order of a court, or by a statutory prohibition, the time of the continuance of the stay is not a part of the time limited for the commencement of the action.

**8.** Forty-five days after the death of a decedent, NDCC 30.1–13–03(1)(g) authorizes a creditor to be appointed personal representative.

notice to creditors, or the decedent's death. Instead, in this case, the time for Ness to sue was measured from the date of the injury on May 21, 1987. Under NDCC 28–01–16, if Stirling had not died, Ness's suit for damages for her injury would have been necessary within six years from May 21, 1987. Stirling's death only caused a temporary suspension that extended the limitation period by three months under part of NDCC 30.1–19–02:

> The running of any statute of limitations measured from some other event than death and advertisement and mailing of notice for claims against a decedent is suspended during the three months following the decedent's death but resumes thereafter as to claims not barred pursuant to the sections which follow. For purposes of any statute of limitations, the proper presentation of a claim under section 30.1–19–04 is equivalent to commencement of a proceeding on the claim.

The *Comment* to NDCC 30.1–19–02 (U.P.C. § 3–802) explains:

> This section means that [three] months is added to the normal period of limitations by reason of a debtor's death before a debt is barred. It implies also that after the expiration of [three] months from death, the normal statute of limitations may run and bar a claim even though the nonclaim provisions of section 30.1–19–03 have not been triggered. Hence, the nonclaim and limitation provisions of section 30.1–19–03 are not exclusive.

> \*　　\*　　\*　　\*　　\*　　\*

> ... the regular statute of limitations applicable during the debtor's lifetime, the nonclaim provisions of sections 30.1–19–03 and 30.1–19–04, and the three-year limitation of section 30.1–19–03 all have potential application to a claim. The first of the three to accomplish a bar controls.[9]

Thus, the section, that prohibits enforcement of a claim before appointment of a personal representative, NDCC 30.1–12–04, is not a safe harbor. When that section is read in

conjunction with NDCC 30.1–13–03 and 30.1–19–02, the comments to those sections clarify that a claimant cannot rely on the failure of other persons to seek appointment of a personal representative to suspend the running of a statute of limitations against the claimant.

Here, the statute of limitations, NDCC 28–01–16, was extended three months by NDCC 30.1–19–02, but then ran on August 21, 1993. Ness's petition filed on September 19, 1994, was time barred.

■ Generally, if there is doubt about which statute of limitations is applicable, the longer time will be applied. *Phoenix Assurance Co. v. Runck*, 366 N.W.2d 788 (N.D. 1985); *Sprecher v. Magstadt*, 213 N.W.2d 881 (N.D.1973). If a potential defendant in a tort action has died, however, the opposite is true. As the *Comment* to NDCC 30.1–19–02, explains, "[t]he first ... to accomplish a bar controls."

■ The reason is to accomplish one of the prime purposes of the Uniform Probate Code, "[t]o promote a speedy and efficient system for liquidating the estate of the decedent and making distribution to his successors." NDCC 30.1–01–02(2)(c). "[C]ompliance with the time limits of a nonclaim statute for the presentation of a claim is jurisdictional." *Estate of Dire*, 851 P.2d 271, 273 (Colo.App.1993). A creditor's failure to present a claim within the time limited leaves a probate court without jurisdiction to act. *In re Washburn Estate*, 195 Mich.App. 42, 488 N.W.2d 787 (1992). Thus, a personal injury lawyer must carefully monitor her files because, if a potential defendant dies before being sued for damages, it may be a lot later than the lawyer thinks.

■ Upon learning of Stirling's death, Ness's proper procedure would have been to petition for appointment of herself as the personal representative of Stirling's estate under NDCC 30.1–14–01. If others with higher priority for appointment refused, she

---

9. The *Comment* to NDCC 30.1–19–04 (U.P.C. § 3–804) cautions:

    In reading this section it is important to remember that a regular statute of limitation

may run to bar a claim before the nonclaim provisions run. See section 30.1–19–02.

could then have presented her claim against the estate before the statute of limitations ran out on August 21, 1993.

We affirm the trial court's ruling.

VANDE WALLE, C.J., NEUMANN and SANDSTROM, JJ., and WILLIAM F. HODNY, District Judge, concur.

WILLIAM F. HODNY, District Judge, sitting in place of LEVINE, J., disqualified.