24CA1877 Estate of Higginbotham 08-28-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1877
El Paso County District Court No. 17PR129
Honorable Kristen Hoffecker, Magistrate

In re the Estate of Boyd N. Higginbotham, Sr., deceased.

Kelly D. McGoffney,

Appellant,

v.

Catherine Seal, Diane Susan Evans, Boyd Higginbotham, Jr., Rodney
Higginbotham, and Orlanda Moore,

Appellees.

ORDER AFFIRMED

Division III
Opinion by JUDGE BROWN
Dunn and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 28, 2025

Kelly D. McGoffney, Pro Se

No Appearance for Appellees

¶ 1    In this probate case, Kelly D. McGoffney appeals the final settlement of the estate of Boyd N. Higginbotham, Sr., McGoffney's deceased father.  We affirm.

## I.    Background

¶ 2    This is the fifth appeal McGoffney has filed arising out of the probate of her father's estate.  In March 2017, Higginbotham's daughter, Diane Susan Evans, sought informal probate of what was purported to be Higginbotham's will.  McGoffney intervened as an interested party and filed several motions contesting the legitimacy of the will and the heirship of Evans and others.

¶ 3    Through counsel, McGoffney set her motions for a hearing before a magistrate in January 2018.  In February, the magistrate issued an order (1) revoking the informal probate of the will that Evans filed, having been unable to find by a preponderance of the evidence that Higginbotham executed it; (2) concluding that Higginbotham died intestate; and (3) declaring that Higginbotham had five descendants — McGoffney, Evans, Boyd Higginbotham, Jr., Rodney Higginbotham, and Orlanda Moore — who were "equal heirs of [Higginbotham's] estate."  The order noted that it "was issued with consent" and that "any appeal taken must be in accordance

with Rule 7(b) of the Colorado Rules for Magistrates."  McGoffney did not timely appeal the February 2018 order to the Colorado Court of Appeals.

¶ 4     In July 2018, McGoffney filed a motion to determine heirship, requesting that the court order DNA testing for "all alleged heirs." In August, the magistrate denied the motion, explaining that she had determined the issue of Higginbotham's heirs in the February 2018 order and that McGoffney could not seek the redetermination of heirship under section 15-12-412, C.R.S. 2025.  The order again noted that it "was issued with consent; any appeal must be in accordance with Rule 7(b) of the Colorado Rules for Magistrates."

¶ 5     McGoffney sought district court review of the magistrate's August 2018 order.  The district court denied McGoffney's petition, reasoning that an appeal of a magistrate's order issued with consent must be filed in the Colorado Court of Appeals.  McGoffney moved the district court to reconsider, arguing that she never consented to the magistrate presiding over the probate case.  In December, the district court denied the motion, explaining that McGoffney consented to the magistrate by filing her motions in the magistrate's division and by not objecting when the magistrate

2

heard the motions. McGoffney appealed the district court's orders to this court but voluntarily dismissed the appeal. *In re Estate of Higginbotham*, (Colo. App. No. 19CA0200, June 28, 2019) (unpublished order).

¶ 6    In 2019, the then-presiding magistrate issued additional orders concerning Higginbotham's heirs, including that Boyd Higginbotham, Jr. and McGoffney are "conclusively" Higginbotham's heirs and that Evans, Moore, and Rodney Higginbotham must submit to DNA testing to prove they are Higginbotham's biological children. The DNA test results showed that none of the three contested heirs was McGoffney's biological sibling. In response, Evans filed paternity determinations for herself and Moore, which had been issued by an Indiana court in the 1960s. After a hearing, the magistrate ordered the contested heirs to submit certified copies of any court documents establishing paternity, after which he would make a final determination concerning heirship. Evans and Moore submitted certified paternity documents; Rodney Higginbotham did not.

¶ 7    McGoffney filed several petitions for review of the magistrate's 2019 orders concerning heirship. The district court denied her

3

petitions, reasoning again that McGoffney had consented to the magistrate and that an appeal of a magistrate's order issued with consent must be filed in the Colorado Court of Appeals. McGoffney appealed the district court's order, but the appeal was dismissed with prejudice as an untimely appeal of the magistrate's orders. *In re Estate of Higginbotham*, (Colo. App. No. 20CA0688, Oct. 9, 2020) (unpublished order).

¶ 8    In March 2021, McGoffney moved under C.R.C.P. 60(b) to set aside all the magistrates' orders for lack of jurisdiction. The district court denied McGoffney's motion because it "raise[d] the same issue" regarding magistrate consent that had been resolved by prior orders.

¶ 9    McGoffney appealed, and a division of this court ordered her to show cause why the appeal should not be dismissed, observing that her Rule 60(b) motion "appear[ed] to be another attempt to collaterally attack judgments and orders that have been finally resolved and are no longer subject to further judicial review." *In re Estate of Higginbotham*, (Colo. App. No. 21CA0778, May 4, 2022) (unpublished order). After McGoffney filed a response, the division explained that McGoffney had not identified any orders entered

4

between the dismissal of her second appeal and the filing of her third appeal that were reviewable. Thus, the division concluded that it lacked jurisdiction to review the district court's or the magistrates' orders and dismissed the appeal with prejudice. *In re Estate of Higginbotham*, (Colo. App. No. 21CA0778, June 17, 2022) (unpublished order).

¶ 10 In May 2024, the personal representative petitioned for final settlement of the estate. McGoffney objected, and the then-presiding magistrate set the matter for a hearing. McGoffney appealed the magistrate's order setting the hearing, but the appeal was dismissed for lack of a final, appealable judgment. *In re Estate of Higginbotham*, (Colo. App. No. 24CA1305, Aug. 16, 2024) (unpublished order).

¶ 11 The magistrate conducted the final settlement hearing on October 23, 2024. McGoffney failed to appear. The same day, the magistrate entered an order for final settlement, dividing Higginbotham's estate among four heirs: McGoffney, Boyd Higginbotham, Jr., Evans, and Moore.

## II.     Analysis

¶ 12     "Pleadings by pro se litigants must be broadly construed to ensure that they are not denied review of important issues because of their inability to articulate their argument like a lawyer." *Jones v. Williams*, 2019 CO 61, ¶ 5.  Still, it is not our role to rewrite a pro se appellant's briefs or to act as their advocate.  *Johnson v. McGrath*, 2024 COA 5, ¶ 10.

¶ 13     Construing McGoffney's opening brief broadly, we understand her to contend that the magistrate erred by (1) entering the order for final settlement without her consent; (2) authorizing the distribution of Higginbotham's estate to non-lineal heirs; (3) failing to enforce the personal representative's fiduciary duties; and (4) committing a number of statutory and procedural errors that cumulatively deprived her of procedural due process.  We affirm the order for final settlement.

### A.     Consent

¶ 14     McGoffney contends that the magistrate lacked jurisdiction to enter any orders in this case because she did not consent to the magistrate at the beginning of the proceeding.  But in December 2018, the district court determined that McGoffney had consented

to the magistrate by affirmatively requesting relief in motions filed in the magistrate's division and by not objecting when the magistrate heard those motions. The court also determined that McGoffney could not revoke her consent. *See* C.R.M. 3(f)(1).

¶ 15    McGoffney appealed the district court's order but voluntarily dismissed the appeal with prejudice. *Estate of Higginbotham*, No. 19CA0200.[1] As a result, the district court's order became final and binding on McGoffney. *See Youngs v. Indus. Claim Appeals Off.*, 2012 COA 85M, ¶ 49 ("Once an issue has been raised and decided, it becomes the law of the case."); *In re Estate of Leslie*, 886 P.2d 284, 286 (Colo. App. 1994) (declining to address contentions that were resolved in a prior appeal). McGoffney is not entitled to raise this issue again and again, hoping for a different result.

¶ 16    We also note that, with respect to the order for final settlement in particular, McGoffney failed to appear at the properly noticed

---

[1] McGoffney similarly raised the issue of consent to jurisdiction in her second and third appeals to this court, but in both instances this court declined to address the issue and dismissed McGoffney's appeals with prejudice. *In re Estate of Higginbotham*, (Colo. App. No. 20CA0688, Oct. 9, 2020) (unpublished order); *In re Estate of Higginbotham*, (Colo. App. No. 21CA0778, June 17, 2022) (unpublished order).

hearing during which the magistrate considered her objections. For this additional reason, we conclude that McGoffney consented to proceeding before the magistrate. *See* C.R.M. 3(f)(1)(A)(iii) ("[A] party is deemed to have consented to a proceeding before a magistrate if . . . [t]he party failed to appear at a proceeding after having been provided notice of that proceeding.").

### B. Determination of Heirs

¶ 17    McGoffney contends that the magistrate erred by authorizing the distribution of Higginbotham's estate to individuals who were not his heirs. But McGoffney failed to appear and present evidence at the hearing on her objections to the final settlement, including her claim that Evans and Moore were not, in fact, Higginbotham's heirs.

¶ 18    At the hearing, the magistrate considered the paternity determinations made in Indiana in the 1960s. Although McGoffney sought to challenge those paternity determinations in a separate action in Indiana, the Indiana court entered judgment against her for failure to appear and prosecute her claims, for failure to state a claim upon which relief can be granted, and for "submitting multiple false and non-existent citations to case law throughout her

voluminous filings" that were "either knowingly and deliberately fabricated or were generated using artificial intelligence" and that warranted "a serious sanction such as dismissal with prejudice." The magistrate considered the Indiana court's dismissal order.

¶ 19     Ultimately, the magistrate recognized the Indiana paternity orders "under the full faith and credit clause of the United States Constitution" and concluded that McGoffney had "abandoned her efforts to challenge those paternity results." The magistrate found that Higginbotham had consented to his paternity of Evans and had an order for child support as to Moore. The magistrate concluded that Higginbotham's heirs were McGoffney, Boyd Higginbotham, Jr., Evans, and Moore and ordered that Higginbotham's estate be divided among them.

¶ 20     By failing to appear at the final settlement hearing, McGoffney failed to prove her claims by a preponderance of the evidence. *See In re Marriage of Durie*, 2020 CO 7, ¶ 32 (the moving party bears the burden to demonstrate their entitlement to relief by a preponderance of the evidence). And because the record otherwise supports the magistrate's heirship determination, we will not disturb it.

## C. McGoffney's Remaining Contentions

¶ 21    As best we understand, McGoffney also contends that the magistrate (1) failed to enforce the personal representative's fiduciary duties and (2) denied McGoffney procedural due process. We decline to consider these or any other remaining contentions.

¶ 22    C.A.R. 28(a)(7)(A) requires that McGoffney's opening brief contain, among other things, "statements . . . [regarding] whether the issue was preserved, and if preserved, the precise location in the record where the issue was raised and where the court ruled." An issue is preserved for appeal when it is brought to the district court's attention and the court has an opportunity to rule on it. *In re Marriage of Turilli*, 2021 COA 151, ¶ 12. We do not address issues in civil cases that were not properly preserved for appeal. *Madalena v. Zurich Am. Ins. Co.*, 2023 COA 32, ¶ 50.

¶ 23    McGoffney failed to comply with C.A.R. 28(a)(7)(A). She did not identify where in the record she raised any of her remaining contentions or where the magistrate or district court ruled on them. Because McGoffney failed to establish that any of her remaining contentions were preserved, we decline to address them. *See O'Quinn v. Baca*, 250 P.3d 629, 631 (Colo. App. 2010) (declining to

10

address an issue because the parties failed to direct the court to a place in the record where the issue was raised and ruled on); *Valentine v. Mountain States Mut. Cas. Co.*, 252 P.3d 1182, 1186 (Colo. App. 2011) ("When a party does not point us to where an issue was raised and resolved, he 'place[s] the burden of searching records on us' — a search we are not required to undertake." (citation omitted)).

¶ 24   In addition, C.A.R. 28(a)(7)(B) requires that an appellant's brief contain "a clear and concise discussion of the grounds upon which the party" seeks relief, including any "citations to the authorities and parts of the record on which the appellant relies." McGoffney fails to set forth a cogent argument on any of her remaining appellate issues and does not support her argument with citations to relevant authorities or record evidence. In fact, a majority of the cases McGoffney cites do not support her assertions, and some even appear to be fabricated.

¶ 25   When a party fails to comply with the appellate rules, we may impose sanctions, including refusing to consider certain arguments or dismissing an appeal. C.A.R. 38(a); *Bruce v. City of Colorado Springs*, 252 P.3d 30, 32 (Colo. App. 2010) ("Ordinarily, we would

summarily strike [the] plaintiff's briefs and dismiss the appeal" for failure "to meet the basic requirements of C.A.R. 28."). We may also decline to address incoherent, conclusory, or underdeveloped arguments. *Sanchez v. Indus. Claim Appeals Off.*, 2017 COA 71, ¶ 41 (declining to address undeveloped argument); *Castillo v. Koppes-Conway*, 148 P.3d 289, 291-92 (Colo. App. 2006) (refusing to consider contentions on appeal because the opening brief set forth no cogent argument and violated C.A.R. 28). We decline to address McGoffney's remaining contentions on these bases as well.

## III. Disposition

¶ 26    We affirm the order for final settlement.

JUDGE DUNN and JUDGE SCHOCK concur.